IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANEA LEIGH CLIMO, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 11-1339 |
| | ) Magistrate Judge Maureen P. Kelly |
| RAMON C. RUSTIN; CHARLES L. WALKER; MARGUERITE S. BONENBERGER; JEREMY W. PUGH; JOHN DOE and COUNTY OF ALLEGHENY, | ) ) ) ) ECF Nos. 32, 33, 34, 35 ) |
| Defendants. | ) |

## MEMORANDUM ORDER

**KELLY, Magistrate Judge**

Plaintiff, Shanea Leigh Climo ("Climo"), filed this civil rights action on October 20, 2011, bringing claims against Defendants the County of Allegheny ("the County"), Ramon C. Rustin ("Rustin"), the Warden of the Allegheny County Jail ("ACJ"), and Corrections Officers Charles L. Walker ("Walker"), Marguerite S. Bonenberger ("Bonenberger"), Jeremy W. Pugh ("Pugh"), and John Doe ("Doe") (collectively, "Defendants"), alleging that Defendants violated her rights under the Eighth and Fourteenth Amendments to the United States Constitution while she was incarcerated at the ACJ.  Specifically, Climo has brought claims against Defendant Walker for sexual assault and excessive force in violation of the Eighth and Fourteenth Amendments to the United States Constitution (Count I), and state law claims for Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, Institutional Sexual Assault and Unlawful Restraint (Count II).  Climo has also brought claims against Defendants Pugh, Bonenberger and Doe for assault and excessive force in violation of the Eighth and Fourteenth Amendments (Count III), for conspiracy in violation of the Eighth and Fourteenth Amendments

(Count IV), and state law claims pursuant to 18 Pa. C.S.A. §§ 2701, 2702, 4952 and 4953, for Assault/Battery, and Intimidation/Retaliation against a Witness (Count V).  Claims for Failure to Train, Implement Policies and Supervise in violation of the Eighth and Fourteenth Amendments have also been brought against Defendants Rustin (Count VI), and the County (Count VII).

A Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) was filed by the County and Defendant Rustin on December 19, 2011, ECF No. 11, and on March 6, 2011, Defendants Bonenberger and Pugh filed a similar motion (ECF No. 20), arguing that Climo's Complaint failed to state a claim against them.  In an Opinion dated August 31, 2012, this Court granted in part and denied in part both motions.  (ECF No. 27).  With respect to those claims dismissed without prejudice, Plaintiff was given Plaintiff until September 21, 2012, to file an Amended Complaint.  (ECF No. 28).

Following a request for an extension of time, which was granted by the Court, Plaintiff filed an Amended Complaint on November 5, 2012.  (ECF Nos. 29, 30, 31).  Defendants, therefore, had fourteen (14) days, or until November 20, 2012, to file an Answer to the Amended Complaint.  See Fed. R. Civ. P. 15 (a)(3).  As of December 17, 2012, none of the Defendants in this matter had done so.  Accordingly, Plaintiff filed Requests for Entry of Default Judgment against Defendants Bonenberger (ECF No. 32), Pugh (ECF No. 33), Rustin (ECF No. 34), and the County (ECF No. 35).[1]  Defendants responded to Plaintiff's requests for default on December 27, 2012 (ECF No. 37).  Plaintiff filed a Reply on January 4, 2013.  (ECF No. 38).  The requests therefore are now ripe for review.

---

1 Although Defendant Walker filed an Answer to the original Complaint, ECF No. 22, he has not filed an Answer to the Amended Complaint in which somewhat different claims have been brought against him.  See ECF Nos. 1, 31.  Plaintiff, however, has not requested that default be entered against him.

## II. STANDARD OF REVIEW

"Before entering a default judgment, a court must consider a number of factors. The United States Court of Appeals for the Third Circuit has condensed these factors into three main issues: '(i) whether the plaintiff will be prejudiced if the default is denied, (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct.'" Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), *citing* United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1995).  See E. Elec. Corp. of New Jersey v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 604 (E.D. Pa. 2009).

## III. DISCUSSION

Review of the applicable factors suggests that entering default against Defendants in this case is not warranted.

With respect to the first factor, Plaintiff has not argued that she will be prejudiced if default is not granted.  Based on review of the record, the Court does not perceive any prejudice to Plaintiff other than perhaps a general delay of one month in the litigation.  This is not a case where the Defendants have completely failed to participate in the litigation.  Rather, the record shows that Defendants responded to the original Complaint by filing Motions to Dismiss for failure to state a claim which were at least partially granted.  See (ECF Nos. 11, 20, 27).

Moreover, Defendants did file an Answer to the Amended Complaint -- albeit 27 days late -- on December 17, 2012.  (ECF No. 36).  While the filing of the Answer was clearly prompted by Plaintiff having requested the entry of default judgment, the four week delay from when the Answer was due is not so onerous as to prejudice Plaintiff.

As to the second factor for consideration, whether Defendants has a meritorious defense, this factor does not weigh either in favor of or against entering default. Although it is unclear at this stage of the litigation whether or not Defendants have a meritorious defense to the serious allegations against them, they have nevertheless asserted twenty-two (22) defenses in their Answer. See (ECF No. 31).

Finally, the third factor for consideration is whether the default was the product of defendants' culpable conduct. This factor does not favor the entry of default as this Court finds that the untimely filing of Defendants' Answer to the Amended Complaint was not the product of the culpable conduct of Defendants but rather that of their counsel, Attorney Maravich. In this Court's experience, Defendants' counsel has repeatedly missed deadlines as ordered by the Court and then, when prompted by either the Court or opposing counsel, has submitted motions and/or briefs that are incomplete and/or of little assistance to the Court. Often, no legal arguments are made at all and when they are made, some the cases cited in support thereof have been overturned or do not stand for the proposition for which they are cited by Attorney Maravich.

Indeed, even the single paragraph Response to Plaintiff's Requests for Entry of Default, ECF No. 37, filed by defense counsel on his clients' behalf is woefully inadequate. The fact that counsel may have been "out of state" on some unspecified date(s) "in November," and was out of the office from some unknown date until January 2, 2012, does not serve to excuse the failure to file an Answer to the Amended Complaint or, at the very least, to file a motion for an extension of time within which to do so. Furthermore, the fact that counsel was out of the office until January is of no relevance whatsoever given that an Answer to the Amended Complaint had been filed on December 17, 2012. Finally, counsel's unsupported statement that "Plaintiff has failed

4

to meet his burden of proof" is totally uninformative and unhelpful.[2]  Defense counsel fails to specify what the Plaintiff's burden of proof to obtain default judgments is or how she has fallen short of that burden.

This notwithstanding, given the brief delay in filing an Answer to the Amended Complaint, the absence of any perceived prejudice to Plaintiff, and the apparent lack of culpability on the part of the Defendants themselves, this Court is reluctant to enter default against these Defendants.  The Court therefore finds that, despite the conduct of their attorney, Defendants should be allowed to defend themselves in this action.

Any subsequent failures by defense counsel to adhere to deadlines or comply with orders of this Court may be subject to sanctions as provided for by the Federal Rules of Civil Procedure.

## IV.   CONCLUSION

For the foregoing reasons, the following Order is entered:

AND NOW, this 10th day of January, 2013, upon consideration of Plaintiff's Request for Entry of Default Judgment against Defendants Bonenberger (ECF No. 32), Pugh (ECF No. 33), Rustin (ECF No. 34), and the County (ECF No. 35), IT IS HEREBY ORDERED that the requests are DENIED.

                                                        BY THE COURT,

                                                        /S/ MAUREEN P. KELLY
                                                        MAUREEN P. KELLY
                                                        United States Magistrate Judge

---

[2] Defendants' Response is also sloppy.  Counsel's reference to "*his* burden of proof" fails to recognize that Plaintiff in this case is a woman and not a man.

cc: All counsel of record via CM/ECF